### LEMPIE CHRISTINE OLSEN vs. UNO ILVONEN.

Knox County. Decided February 9, 1924. This was a bastardy proceeding tried at the September Term of the Supreme Judicial Court for Knox County. The jury returned a verdict of guilty, and the case is before us on a general motion for a new trial, and also a motion on the ground of newly-discovered evidence.

As to the general motion.

A careful examination of the record discloses a case replete with conflicting testimony, and in which important testimony of the complainant is corroborated by the testimony of the defendant. We are not convinced that the verdict is clearly wrong. On the contrary, our view of the record is that there was sufficient evidence to support the verdict. The parties have had a fair trial without prejudicial error in law. The weight to be attached to the testimony, and the credibility of the witnesses, were questions to be answered properly by the jury alone. With their conclusion in the instant case, we are not authorized to interfere.

Newly-discovered evidence.

The record presented has received our careful consideration, and our conclusion is that the additional testimony is not of such character, weight and value, considered in connection with the evidence already in the case, that it seems to the court probable that on a new trial, with the additional evidence, the result would be changed. Further it does not appear that injustice is likely to be done if a new trial is refused. The entry will be, Motions overruled. Judgment on the verdict. *George E. Thompson*, for plaintiff. *Henry L. Withee*, for defendant.

---

### HARRY DALTON vs. NORMAN SMITH.

Cumberland County. Decided February 26, 1924. Action of replevin of two wagons. The defendant pleaded title in himself. The verdict was in favor of the plaintiff and the case is before the

Law Court on defendant's exception to the refusal of the court to direct a verdict in his favor, and on a general motion, the same question being involved in both. The issue was one of fact.

The evidence is very contradictory and the inferences to be naturally drawn therefrom vary according to the view-point. It is not improbable that this court, if it had been the original tribunal, might have reached a different result. Much depended upon the appearance of the witnesses. Without discussing the evidence in detail, all of which has been carefully examined and considered, it is sufficient to say that the verdict does not seem to us to be manifestly wrong. The testimony for the plaintiff, if believed, is sufficient to sustain it. Motion and exception overruled. *Henry N. Taylor and John J. Devine*, for plaintiff. *Clifford E. McGlauflin*, for defendant.

---

### State of Maine *vs.* Wilfred Mathon, Appellant.

Androscoggin County. Decided March 20, 1924. This prosecution for the alleged operation of an automobile by the respondent while under the influence of intoxicating liquor, under Public Laws, 1921, Chap. 211, Sec. 74, was begun by complaint in a Municipal Court and thence by appeal to the Superior Court of Androscoggin County, where a verdict of guilty was rendered. The respondent filed exceptions to certain instructions of the presiding Justice as to what constitutes the operation of a car, and the case is before the Law Court on the exceptions.

This court, however, has held in the very recent case of *State* v. *Vashon*, decided January 17, 1924, that cases under this statute must be brought by indictment and that the Municipal Court, and therefore the Superior Court on appeal had no jurisdiction thereof. It follows that the only disposition that can be made of the case at bar is, Exceptions dismissed. Complaint to be dismissed in the Superior Court. *James A. Pulsifer, County Attorney*, for the State. *Louis J. Brann*, for respondent.